# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | |
|---|---|
| ANDERSON EYE CARE OF WEST TENNESSEE, </br></br> Plaintiff, </br></br> v. </br></br> AUTO-OWNERS INSURANCE COMPANY, and MICHAEL KNIGHT, </br></br> Defendants. | ) ) ) ) ) ) ) NO. 1:23-cv-1092 ) JURY DEMANDED ) ) ) ) ) ) |

## NOTICE OF REMOVAL OF A CIVIL ACTION BY DEFENDANT, MICHAEL KNIGHT

Comes now the Defendant, Michael Knight, ("Knight"), by and through counsel, pursuant to 28 U.S.C. § 1441, 1446 and 1447, and hereby gives notice of removal of this action from the Chancery Court for Weakley County, Tennessee at Dresden, to the United States District Court for the Western District of Tennessee, Jackson Division, and states as follows:

1. On February 17, 2023, the Plaintiff, Anderson Eye Care of West Tennessee ("Anderson"), a Tennessee professional corporation with its principal place of business in Dresden, Tennessee, filed suit in the Chancery Court for Weakley County, Tennessee at Dresden under docket no. 25551 naming Auto-Owners Insurance Company ("AO") and Knight as the only Defendants ("the Chancery Court suit"). A copy of the Chancery Court suit filed by the Plaintiff is attached as **Exhibit A**.

2. Auto-Owner's statutory agent, the Tennessee Department of Commerce and Insurance was served with the Chancery Court suit on February 24, 2023, pursuant to Tenn.

Code Ann. § 56-2-504. A copy of the documents generating notice of the Chancery Court suit to Auto-Owners' statutory agent are included in **Exhibit A**.

3. Knight only became aware of the Chancery Court suit when undersigned counsel provided a copy of the Chancery Court suit to Knight on May 19, 2023 via electronic mail communication after undersigned counsel was retained to represent Knight's interests in the Chancery Court suit. Plaintiff improperly served the Chancery Court suit on a separate, independent corporation who has not been designated as the registered agent for service of process for Knight. A copy of the process and pleadings filed in the Chancery Court suit, but not served upon Knight, is attached hereto as **Exhibit B**.

4. Counsel for Auto-Owners filed a Notice of Special Appearance and Motion for Extension of Time to File Responsive Pleading and To Respond to Written Discovery on April 3, 2023 where it received an open extension to file a responsive pleading. No other proceedings have occurred in the Chancery Court suit. A copy of Auto-Owners' Motion is attached hereto as **Exhibit C**.

5. The entire amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00). In particular, Plaintiff alleges, among other things, Knight violated the Fraudulent Insurance Act by presenting false information regarding an insurance claim payment under an insurance policy issued by Auto-Owners and Auto-Owners breached the contract, seeking damages not less than Three Million Dollars and no/100 ($3,000,000.00) and punitive damages of no less than Ten Million Dollars and no/100 ($10,000,000.00).

6. This Court also has jurisdiction over this matter under 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between the Plaintiff and the real party defendant to this action.

7. Defendant Auto-Owners, for purposes of diversity jurisdiction, is a citizen of Michigan, where it is incorporated, with its principal place of business in Michigan. See **Exhibit B**, Compl., ¶ 2.

8. Plaintiff has improperly joined Knight in the Chancery Court suit in an attempt to defeat diversity. However, Knight's inclusion does not defeat diversity jurisdiction because under the principles of fraudulent joinder because there is no colorable cause of action against Knight under Tennessee state law. See T.C.A. § 56-53-103(a)(1).

9. It is well-established that removal cannot be defeated by a plaintiff's improper or fraudulent joinder of a party. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Sell v. Volkswagen of Am., Inc., 505 F.2d 953, 955 (6th Cir. 1974) (affirming trial court's denial of motion to remand and upholding diversity jurisdiction where a named defendant was joined "as a procedural tactic to destroy diversity of citizenship"); Coyne ex rel. Ohio v. Am. Tobacco Co., 183 F.3d 488 (6th Cir. 1999) (finding sufficient evidence for the district court to conclude that plaintiffs could not have established a cause of action against the non-diverse defendants under state law, thereby permitting removal). Under the doctrine of fraudulent joinder, the citizenship of a defendant who has been fraudulently joined should be disregarded when determining whether a federal court has diversity jurisdiction. See Coyne, 183 F.3d at 493.

10. To establish fraudulent joinder, Knight must demonstrate that "a plaintiff could not have established a cause of action against [the] non-diverse defendant[]"—in this case, Knight. <u>Evans v. Arise Inc.</u>, No. 08-CV-1177, 2008 WL 5429835, at *3 (W.D. Tenn. Dec. 30, 2008).

11. All claims against Knight hinge on the alleged violation of the Fraudulent Insurance Act, Tenn. Code Ann. § 56-53-103(a)(1). <u>See</u> **Exhibit** B, Compl., at ¶¶ 19-20.

12. However, case law has shown that the Fraudulent Insurance Act ("the Act") does not apply to Knight or Auto-Owners. The act provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>>
>>> **(A)** The application for, rating of, or renewal of, any insurance policy;
>>>
>>> **(B)** A claim for payment or benefit pursuant to any insurance policy;
>>>
>>> **(C)** Payments made in accordance with the terms of any insurance policy; or
>>>
>>> **(D)** The application for the financing of any insurance premium;
>>
>> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an

>    insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
>    **(A)**   The solicitation for sale of any insurance policy or purported insurance policy;
>
>    **(B)**   An application for certificate of authority;
>
>    **(C)**   The financial condition of any insurer; or
>
>    **(D)**   The acquisition, formation, merger, affiliation or dissolution of any insurer; or
>
> **(3)**   Solicits or accepts new or renewal insurance risks by or for an insurer that the person knows was insolvent or the insolvency of which the person recklessly disregards.

T.C.A. § 56-53-103 (Lexis Advance through the 2022 Regular Session). The Act does not apply to experts, independent adjusters, consultants, or engineers hired by insurance companies; it applies to insureds or policyholders only, and there are no allegations that Knight is a policyholder, or a policyholder of Auto-Owners for that matter. The Act only applies to policyholders knowingly making false representations to insurers, which has not been alleged here. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (emphasis added). See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276,

2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or § 56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); Unitedhealthcare Servs., Inc. v. Team Health Holdings, Inc., No. 321CV00364DCLCJEM, 2022 WL 1481171, at *7 (E.D. Tenn. May 10, 2022) (insurer sued medical logistics company that billed claims to insurers and claims administrators on behalf of the insured for "upcoding" under Tenn. Code. § 56-53-103).

13. Because the alleged only cause of action against Knight is based on a statute that does not apply to Knight, or Auto-Owners, in any manner whatsoever, such that Plaintiff's Complaint against Knight fails in its entirety. See Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint cannot survive a Rule 12(b)(6) motion to dismiss for failure to state a claim filed and argued by Knight, or Auto-Owners. Without the allegations and single cause of action against Knight, complete diversity would exist. It is clear that Plaintiff named Knight in the Chancery Court suit solely to defeat diversity jurisdiction.

14. Since Knight has been fraudulently joined, diversity jurisdiction obtains. See, e.g., Coyne, 183 F.3d at 493 (concluding that plaintiff's failure to "plead viable state law causes of action against the local defendants" supported district court's denial of plaintiff's motion to remand on the basis of fraudulent joinder); Garner v. SDH Servs. E., LLC, 55 F.Supp.3d 1016, 1027 (M.D. Tenn. 2014) (finding removing defendants properly removed case, notwithstanding lack of complete diversity at the time of removal, due to plaintiff's fraudulent joinder of another defendant); Davis v. Franklin Am. Mortg. Co., No. 3:16-cv-02819, 2017 WL 3172743 at *5 (M.D. Tenn. July 26, 2017) ("The remedy for fraudulent joinder is dismissal of the claims against the non-diverse defendant."); Hagen v. U-Haul Co. of Tenn., 613 F.Supp.2d 986, 994 (W.D. Tenn. 2009) (because plaintiffs do not allege facts that would either directly or inferentially establish the material element of duty, they have not presented a claim for negligence against defendants and cannot prove a cause of action against non-diverse defendants under Tennessee law).

15. By its terms, 28 U.S.C § 1446(b)(2) requires the consent of properly joined defendants. Knight's counsel received verbal consent from counsel for Auto-Owners prior to filing this Notice of Removal. However, counsel for Auto-Owners shall file a Notice of Consent to Removal within thirty (30) days of this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

16. Therefore, this Court has diversity jurisdiction over this action.

**WHEREFORE**, Knight gives Notice of the removal of this action this day, May 19, 2023, from the Chancery Court for Weakley County at Dresden, Tennessee, to the United States District Court for the Western District of Tennessee, Jackson Division. Knight demands a constitutional jury to try this cause.

Respectfully submitted,

<u>s/Matthew B. Rogers</u>
**MATTHEW B. ROGERS**
Registration No: 038777
Main: (615) 256-8787 ext. 121
Direct: (615) 630-7725
mrogers@bkblaw.com
Attorney for Defendant, Michael Knight

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of May, 2023, a true and correct copy of the foregoing NOTICE OF REMOVAL OF A CIVIL ACTION BY DEFENDANT, MICHAEL KNIGHT was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attorneyberkley@gmail.com

Bradford D. Box, Esq.
Blake M. Tims, Esq.
Rainey, Kizer, Reviere & Bell, P.L.C.
209 East Main Street
P. O. Box 1147
Jackson, TN  38302-1147
bbox@raineykizer.com
btims@raineykizer.com

<u>Via USPS Regular Mail, Postage Pre-Paid</u>:

Regina VanCleave
Clerk and Master
Weakley County Chancery Court
P.O. Box 197
116 Main, Suite 301
Dresden, Tennessee 38225

                                             s/Matthew B. Rogers
                                             **MATTHEW B. ROGERS**

MBR: