# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | |
|---|---|
| ANDERSON EYE CARE OF WEST TENNESSEE, <br><br> Plaintiff, <br><br> v. <br><br> AUTO-OWNERS INSURANCE COMPANY, and MICHAEL KNIGHT, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO. 1:23-cv-1092 <br> ) JURY DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

## MICHAEL KNIGHT'S MOTION TO DISMISS

Come now Defendant, Michael Knight ("Knight"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its Motion to Dismiss Plaintiff's Complaint would state as follows:

1. On or about February 17, 2023, more than ninety (90) days ago, the Plaintiff filed a civil action in the Chancery Court for Weakley County, Tennessee against Auto-Owners Insurance Company ("Auto-Owners"), and Knights styled *Anderson Eye Care of West Tennessee v. Auto-Owners Insurance Co, et al.*, Case No. 25551.

2. Knight has not been served with process as of the date of this motion but has timely removed this action, pursuant to 28 U.S.C. § 1446(b)(1), from the Chancery Court for Weakley County, Tennessee to the United States District Court for the Western District of Tennessee on May 19, 2023 on the basis of diversity jurisdiction, following notice of Case No. 25551 and a copy of the initial pleading being provided to Knight, by counsel for Knight, on May 19, 2023.

3. Knight asserts that he was fraudulently joined as a defendant in this litigation for the sole purpose of attempting to defeat diversity jurisdiction.

4. Plaintiff filed this lawsuit alleging various causes of action including: 1) compel appraisal and appoint umpire; 2) umpire qualifications; 3) breach of contract; 4) punitive damages; and 5) violations of the Fraudulent Insurance Act against Auto-Owners, and alleges a single cause of action against Knight, violation of the Fraudulent Insurance Act ("Act")[1].

5. As set forth in Knight's Memorandum of Law in Support of its Motion to Dismiss ("Memorandum") filed contemporaneously with this motion, the only cause of action against Knight in this case is under Tenn. Code § 56-53-103(a)(1), which is a Tennessee statute that is inapplicable to Knight given that a violation of such statute can only occur when an insured person or someone acting on behalf of an insured person knowingly presents false, material information in connection with an insurance claim.

6. The Unlawful Insurance Act provision states in pertinent part:

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured,** claimant or applicant **to an insurer**, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, **any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact**, or that withholds or conceals a material fact, concerning any of the following…

---

[1] The "Fraudulent Insurance Act" is actually known as the "Unlawful Insurance Act." See Tenn. Code Ann. § 56-53-103. A copy is attached hereto as **Exhibit A**.

Tenn. Code § 56-53-103(a)(1) (emphasis added).

7. Knight does not work for the insured in this case, Plaintiff, and Knight does not perform its services for insured persons, in general. Rather, Knight is an independent adjuster/building consultant/estimator that provides damage estimates to insurance companies like Auto-Owners.

8. Accordingly, and as discussed in detail in Knight's Memorandum and in Knight's Notice of Removal (Doc. 1), Plaintiff cannot establish a cause of action against Knight – or Auto-Owners – under Tenn. Code § 56-53-103(a)(1).

9. Furthermore, even if Plaintiff could bring such cause of action against Knight, Plaintiff wholly failed to plead the requisite information to state a claim for a violation of this particular Tennessee statute.

10. Plaintiff is required to not only meet the notice pleading standard but also the heightened pleading standard that applies to pleading a fraud claim. Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 9(b).

11. Plaintiff does not meet either of these pleading standards for two reasons. First, the relief sought by Plaintiff is not relief allowed under the statute, and generally, Plaintiff did not plead that Knight was an insured person (because Plaintiff is incapable of pleading such fact). Second, Plaintiff failed to meet the particularity requirements of Fed. R. Civ. P. 9(b), because Plaintiff failed to plead that any information Knight provided was "material," failed to plead with particularity as to the allegedly false information provided by Knight, failed to plead that any false information was presented by Knight, and failed to correctly quote any report provided by Knight attached to the Complaint as an exhibit.

12. Therefore, Plaintiff failed to properly serve Knight with process and failed to state a claim against Knight and for these reasons, the Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(5) and 12(b)(6).

13. Knight incorporates by reference the arguments set forth in its Memorandum of Law in Support of its Motion to Dismiss, filed contemporaneously herewith.

**WHEREFORE,** premises considered, Knight respectfully requests this Honorable Court grant this Motion and dismiss, with prejudice, under 12(b)(6), the Complaint filed against Knight, and for all other relief this Honorable Court deems just and proper.

Respectfully submitted,

s/Matthew B. Rogers
**MATTHEW B. ROGERS**
Registration No: 038777
Main: (615) 256-8787 ext. 121
Direct: (615) 630-7725
mrogers@bkblaw.com
Attorney for Defendant, Michael Knight

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of May, 2023, a true and correct copy of the foregoing MICHAEL KNIGHT'S MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attorneyberkley@gmail.com

Bradford D. Box, Esq.
Blake M. Tims, Esq.
Rainey, Kizer, Reviere & Bell, P.L.C.
209 East Main Street
P. O. Box 1147
Jackson, TN 38302-1147
bbox@raineykizer.com
btims@raineykizer.com

                                        s/Matthew B. Rogers_____
                                        **MATTHEW B. ROGERS**

MBR: