# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | |
|---|---|
| ANDERSON EYE CARE OF WEST TENNESSEE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | NO. 1:23-cv-1092
| | | JURY DEMANDED
| AUTO-OWNERS INSURANCE COMPANY, and MICHAEL KNIGHT, | ) ) ) |
| Defendants. | ) ) ) |

## MICHAEL KNIGHT'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Comes now Defendant, Michael Knight ("Knight"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its memorandum of law in support of its Motion to Dismiss, would respectfully state as follows:

## INTRODUCTION

This is an insurance action. On or about February 17, 2023, more than ninety (90) days ago, the Plaintiff filed a civil action in the Chancery Court for Weakley County, Tennessee against Auto-Owners Insurance Company ("Auto-Owners"), and Knights styled *Anderson Eye Care of West Tennessee v. Auto-Owners Insurance Co, et al.*, Case No. 25551. (Doc. 1-1). Plaintiff has sued Auto-Owners Insurance Company ("Auto-Owners") for various causes of action, including: 1) compel appraisal and appoint umpire; 2) umpire qualifications; 3) breach of contract; 4) punitive damages; and 5) violations of the Fraudulent Insurance Act ("the Act")[1] (Tenn. Code Ann. § 56-53-103). (See generally,

---

[1] The "Fraudulent Insurance Act" is actually known as the "Unlawful Insurance Act". A copy of the text of T.C.A. § 56-53-103 is attached to Knight's Motion to Dismiss as **Exhibit A**.

Doc. 1-1). Plaintiff has sued Knight for only, an alleged violation of Tenn. Code Ann. § 56-53-103(a)(1). Id.

However, Plaintiff's Complaint is factually and legally deficient as to Knight, and fails to assert any viable cause of action against Knight. Plaintiff does not include any allegations regarding the specific conduct. Instead, Plaintiff merely attempts to recite the elements of an inapplicable Tennessee statute pursuant to which it purports to sue Knight. Without more, Plaintiff has not and cannot meet its burden under Fed. R. Civ. P. 12(b)(6). What is more, Plaintiff's barebone and legally insufficient allegations demonstrate that Plaintiff has only included Knight as a party in this lawsuit as an attempt to defeat diversity jurisdiction. For all of these reasons, Plaintiff's Complaint against Knight should be dismissed.

## **FACTUAL SUMMARY**

As background, Knight is an independent adjuster/building consultant that provides damage estimates to insurance companies and adjusters. At all relevant times, Knight was an independent contractor for United Claims Services, Inc., the independent adjusting company retained by Auto-Owners to prepare an estimate in connection with the damaged property owned by Plaintiff located at 113 East Locust Street, Dresden, Tennessee 38225 (the "Property"). When retained by an insurance company or adjuster, United Claims Services, Inc. assigns independent contractors like Knight to work the loss. In connection with the loss at the Property, United Claims Services, Inc. assigned Knight.

After being retained by Auto-Owners via United Claims Services, Inc., Knight conducted a site visit at the Property. (Complaint ¶ 6). Knight prepared two (2) estimates for United Claims Services, Inc. regarding the estimated cost of damage to Plaintiff's

Property, both of which are attached to Plaintiff's Complaint. (Complaint ¶ 19; see also Complaint, Ex. 6 and 7). Plaintiff alleges – without any specificity – that the estimates submitted by Knight to Auto-Owners contains false information. (Complaint ¶¶ 6, 19). Plaintiff does not identify what aspects of Knight's reports are incorrect, false, or otherwise fraudulent other than stating Knight took a different position than the position of the Plaintiff. (See generally, Complaint). Plaintiff has pled one cause of action against Knight under "Tennessee's insurance fraud statute," which Plaintiff identifies as Tenn. Code Ann. § 56-53-101(a)(1). (Complaint ¶¶ 19-20).

## LAW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether plaintiff's allegations state a claim for relief. Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." DIRECTV, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). A defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)).  "[A] plaintiff's obligation to

provide the 'grounds' of his 'entitlement to relief <u>requires more than</u> labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc.</u>, 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570; <u>see also</u> <u>Chandler v. Sec'y of Fla. Dep't of Transp.</u>, 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

<u>Iqbal</u>, 556 U.S. at 678 (2009) (citation omitted); <u>see also</u> <u>Resnick v. AvMed, Inc.</u>, 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." <u>Twombly</u>, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, <u>Powell v. Thomas</u>, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See <u>Iqbal</u>, 556 U.S. at 678.

## **ARGUMENT**

Plaintiff's Complaint is deficient and should be dismissed for two, independent reasons: first, Plaintiff cannot state a claim against Knight under Tenn. Code Ann. § 56-

53-101(a)(1) as a matter of law; and second, even if Plaintiff could pursue a claim against Knight under Tenn. Code Ann. § 56-53-101(a)(1), Plaintiff failed to plead its fraud claim with the required particularity. As a result, Plaintiff's Complaint against Knight should be dismissed.

**I.     Tenn. Code Ann. § 56-53-103(a)(1) does not create a cause of action against the agent of an insurer.**

Plaintiff generally contends that the reports submitted by Auto-Owners by Knight contained false information and constituted actionable conduct pursuant to Tenn. Code Ann. § 56 53-103(a)(1). (See Complaint ¶¶ 19-22). But Tenn. Code Ann. § 56-53-103 – titled "Unlawful Insurance Act" – does not create a cause of action by an insured against an insurer, much less the alleged agent of the insurer. In fact, it creates the reverse, namely, a cause of action **against** an insured or someone acting on behalf of an insured. Tenn. Code Ann. § 56-53-103(a)(1) prohibits a party from presenting information containing false representations related to a claim for payment "**on behalf of an insured**…to an insurer." (Emphasis added). In other words, the statute on its face does not apply to conduct by an agent of an **insurer**. What is more, the case law applying to this section of Tennessee's insurance code confirms that this section applies to information presented by the insured or on behalf of the insured to an insurer. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016); see also Allstate Life Ins. Co. of New York v. Tyler-Howard, No. 3:19-CV-00276, 2019 WL 4963230, at *2 (M.D. Tenn. Oct. 8, 2019) (insurer sued insured for making materially false representations to the insurer under Tenn. Code. § 56-53-103(a)); Hanover Am. Ins. Co. v. Tattooed Millionaire Ent., LLC, No. 2:16-CV-2817, 2021 WL 8442022, at *3 (W.D. Tenn. Sept. 21, 2021) (insurer sued insured for fraudulent insurance claims under Tenn. Code. § 56-53-

103(a)(1)); Unitedhealthcare Servs., Inc. v. Team Health Holdings, Inc., No. 321CV00364DCLCJEM, 2022 WL 1481171, at *7 (E.D. Tenn. May 10, 2022) (insurer sued medical logistics company that billed claims to insurers and claims administrators on behalf of the insured for "upcoding" under Tenn. Code. § 56-53-103).

Simply put, Plaintiff cannot sue Knight under Tenn. Code. § 56-53-103(a)(1) because such provision of the statute is inapplicable to Knight, which is a third-party independent adjuster that does not provide services to insured persons. By Plaintiff's own allegation, Auto-Owners retained Knight's services, and Auto-Owners "is responsible for the actions of United Claims Service adjuster Mike Knight via operation of the doctrines of *respondeat superior,* actual or apparent agency, employer-employee or master-servant." (Complaint, ¶ 2). Knight could not have presented false information on behalf of an insured, Plaintiff in this case, because Knight did not work for, nor was Knight retained by Plaintiff. (See id). Section (a)(1) of the Act is limited to information presented by or on behalf of the insured and therefore, the factual circumstances that Plaintiff complains of in this matter do not – and cannot – amount to a violation of this statute by Knight.

II. **Even if Plaintiff proceeded with a claim pursuant to Tenn. Code Ann. § 56-53-103 or common law fraud, Plaintiff has not pleaded the alleged fraud by Knight with the requisite particularity.**

Even if Plaintiff could sue Knight under Tenn. Code Ann. § 56-53-103 (which it cannot) or reframed its allegations as a common law fraud claim, Plaintiff fails to plead any facts with specificity against Knight. As a result, Plaintiff's claim against Knight should be dismissed. All fraud claims are subject to Fed. R. Civ. P. 9(b)'s particularity requirement. Under Rule 9(b), a plaintiff asserting a fraud claim must "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent,

knowledge, and other conditions of a person's state of mind may be alleged generally." Fed. Rule Civ. P. 9(b). Courts have interpreted Rule 9 to require Plaintiffs to allege the who, what, when, where, and how of the alleged fraud, including the alleged misrepresentations by the defendant. See Wall v. Michigan Rental, 852 F.3d 492, 495 (6th Cir. 2017); U.S. ex rel. Bledsoe v. Community Health Sys., Inc., 501 F.3d 493, 504 (6th Cir. 2007); Coffey v. Foamex, L.P., 2 F.3d 157, 161-62 (6th Cir. 1993). A plaintiff may only plead fraud upon information and belief if the facts at issue are solely in the opposing party's knowledge or control. See, e.g., Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 680 (6th Cir. 1988). "In complying with Rule 9(b), a plaintiff, at a minimum, must 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 503 (6th Cir. 2007) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161–62 (6th Cir. 1993)). Plaintiff's barebones and conclusory allegations cannot meet this burden for two reasons: first, Plaintiff has not even pleaded the required elements of Tenn. Code Ann. § 56-53-103(a)(1); and second, Plaintiff has not pleaded any facts whatsoever on support of its claim for fraud.

**First,** even accepting the application of Tenn. Code Ann. § 56-53-103(a)(1), Plaintiff's claims should be dismissed because he has not pleaded the minimum statutory elements, even in a conclusory fashion. Plaintiff has not included any allegations that (1) information provided by Knight (as alleged agents of Auto-Owners) was "material"; (2) Knight knew that the information they provided contained false statements; or (3) the falsity of any such representations were "recklessly disregarded" by Knight. (See

generally, Complaint). Plaintiff did not include any such allegations despite the fact that Tenn. Code. § 56-53-103(a)(1) specifically contains such elements. See Tenn. Code Ann. § 56-53-103(a)(1) ("Any person who commits. . . .any of the following acts with an intent to induce reliance, has committed an unlawful insurance act: (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer . . . any   that the person **knows to contain false representations**, or **representations the falsity of which the person has recklessly disregarded**, as to **any material fact**, or that withholds or conceals **a material fact**. . .") (emphasis added). As a result, Plaintiff's claim against Knight should be dismissed as a matter of law.

**Second**, even if Plaintiff abandoned Tenn. Code Ann. § 56-53-103 and purported to state a general claim of fraud against Knight, Plaintiff still has not met the heightened pleading requirements. Plaintiff has not identified the "who, what, when, where, and how" of the alleged fraud. (Complaint ¶¶ 19-22). See Wall v. Michigan Rental, 852 F.3d 492, 495 (6th Cir. 2017). Pursuant to Tennessee law, a plaintiff must show the following elements to prevail on a claim for fraud:

> (1) that [the defendant] made a representation of an existing or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that [the defendant] made the representation recklessly, with knowledge that it was false, or without belief that the representation was true; (5) that the [plaintiff] reasonably relied on the representation; and (6) that [the plaintiff was] damaged by relying on the representation."

Davis v. McGuigan, 325 S.W.3d 149, 154 (Tenn. 2010). Here, Plaintiff has neither pleaded those six elements nor included factual information sufficient for Knight to respond in any meaningful way. Just as in Construction Management Inc. v. Expo

Hospitality, LLC, No. 3:19-cv-00298, 2019 WL 2917991, at *1 (M.D. Tenn. July 8, 2019), Plaintiff has not identified which particular misrepresentations Knight made (allegedly on behalf of Auto-Owners). As the Court noted in Construction Management Inc., without a clear identification of the allegedly false statements and their speakers, one cannot effectively assert the elements of falsity, materiality, knowledge, or reasonableness of reliance. Without at least some sense of the timing of the statements—and, therefore, their context within the parties' course of business—one cannot effectively assert materiality, reliance, or damages. Id. at *5.

In Plaintiff's Complaint, Plaintiff alleges that Knight "presented false information to an insured and an insurance professional . . . related to an insurance claim payment by presenting information and representation the falsity of which he recklessly disregarded knowing the charges to the Plaintiff by PuroClean was a covered cost under extra expenses and related coverages." (Complaint ¶ 19 [21]). Plaintiff alleges that Knight, doing as all independent adjusters do, prepared what he determined to be an accurate representation of the damages suffered by Plaintiff in the storm event but that in doing so, opens the door to a lawsuit based on an inapplicable statute for false representations. Knight was not responsible for any coverage determinations by Auto-Owners and simply presented the facts to Auto-Owners, which are disputed by Plaintiff, but that does not give rise to a baseless lawsuit with hints of fraudulent joinder.

## CONCLUSION

There is no law that authorizes Plaintiff's cause of action against Knight or Auto-Owners for that matter, and it is clear that Tenn. Code § 56-53-103(a)(1) is inapplicable to Knight. Accordingly, Plaintiff has not and cannot state a claim under Tenn. Code § 56-

53-103(a)(1), and there is no reasonable basis on which this Court may predict a possibility of recovery against Knight. Based on the foregoing, the Complaint should be dismissed, with prejudice.

                                      Respectfully submitted,

                                      <u>s/Matthew B. Rogers</u>_____
                                      **MATTHEW B. ROGERS**
                                      Registration No: 038777
                                      Main: (615) 256-8787 ext. 121
                                      Direct: (615) 630-7725
                                      mrogers@bkblaw.com
                                      Attorney for Defendant, Michael Knight

                                      **BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
                                      545 Mainstream Drive, Suite 101
                                      Nashville, TN 37228

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of May, 2023, a true and correct copy of the foregoing MICHAEL KNIGHT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attorneyberkley@gmail.com

Bradford D. Box, Esq.
Blake M. Tims, Esq.
Rainey, Kizer, Reviere & Bell, P.L.C.
209 East Main Street
P. O. Box 1147
Jackson, TN  38302-1147
bbox@raineykizer.com
btims@raineykizer.com

                                  s/Matthew B. Rogers_____
                                  **MATTHEW B. ROGERS**

MBR: