# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT JACKSON

| | |
|---|---|
| ANDERSON EYE CARE OF WEST TENNESSEE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:23-cv-01047 ) JURY DEMANDED ) |
| AUTO OWNERS INSURANCE COMPANY, and MICHAEL KNIGHT, | ) ) ) ) |
| Defendants. | ) |

## AUTO OWNERS INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT ITS MOTION FOR PARTIAL DISMISSAL

Comes now Defendant, Auto Owners Insurance Company ("Auto Owners"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and for its memorandum of law in support of its Motion for Partial Dismissal of the Plaintiff's Complaint would respectfully state as follows:

## FACTUAL SUMMARY

On or about February 17, 2023, the Plaintiff filed a civil action in the Chancery Court for Weakley County, Tennessee against Auto Owners Insurance Company and Michael Knight styled *Anderson Eye Care of West Tennessee v. Auto Owners Insurance Company and Michael Knight*, Case No. 25551. Auto Owners was served through the Tennessee Commissioner of Insurance on February 28, 2023. The action was timely removed by Michael Knight from the Chancery Court for Weakley County, Tennessee to the United States District Court for the Western District of Tennessee on May 19, 2023 on the basis of diversity jurisdiction. Michael Knight also asserted before this Court that

he was fraudulently joined, or attempted to be fraudulently joined, to this action as a Defendant for the sole purpose of attempting to defeat diversity jurisdiction.

Plaintiff has sued Auto Owners for various causes of action, including: 1) compel appraisal and appoint umpire; 2) umpire qualifications; 3) breach of contract; 4) punitive damages; and 5) violations of the Fraudulent Insurance Act (Tenn. Code Ann. § 56-53-103). (See generally, Doc. 1-1.)

Plaintiff's allegations against Auto Owners regarding the Unlawful Insurance Act ("the Act") are pleaded in the Plaintiff's Complaint as follows:

> 20. Defendants staff adjuster, Randall Wenzel, made false statements and material misrepresentations of facts and policy coverage terms to the insured and Plaintiffs insurance professional / practitioner, in his August 24, 2022 letter … Wenzel knew at all times that there was no requirement the insured or insurance professional/practitioner provide a Proof of Loss, eight months past the date of loss, before agreeing to appraisal; nor was such a prerequisite to Defendants mandatory participation in the appraisal process after Plaintiff's proper demand on August 8, 2022. Wenzel's actions constitute violations of the Fraudulent Insurance Act found at §56-53-103(a)(1) and has wrongfully delayed or denied the payment of insurance benefits to Plaintiff.

(Doc. 1-1, at ¶ 20). These facts do not constitute violations of the Act because the portion of the Act cited by Plaintiff does not apply to insurers; rather, it applies to insureds.

## **LAW AND ARGUMENT**

A defendant may move to dismiss all or part of a lawsuit if the facts alleged in the lawsuit fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "need not accept as true

legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Republic Bank & Tr. Co. v. Bear Stearns & Co., Inc., 683 F.3d 239, 246–47 (6th Cir. 2012)) (emphasis added).

To survive a Rule 12(b)(6) motion, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012). The Supreme Court has explained this standard as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Iqbal, 556 U.S. at 678 (2009) (citation omitted); see also Resnick v. AvMed, Inc., 693 F.3d 1317, 1324–25 (11th Cir. 2012). Thus, a claim will survive a motion to dismiss only if the factual allegations in the pleaded are "enough to raise a right to relief above the speculative level …." Twombly, 550 U.S. at 555–56 (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). While all well-pleaded facts must be accepted as true and construed in the light most favorable to the pleader, Powell v. Thomas, 643 F.3d 1300, 1302 (11th Cir. 2011), the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations. See Iqbal, 556 U.S. at 678.

3

**A. COUNT V SHOULD BE DISMISSED WITH PREJUDICE AS IT DOES NOT APPLY TO AUTO OWNERS**

Auto Owners seeks dismissal of the Plaintiff's claims with respect to alleged violations of the Act because the facts as pleaded do not amount to any violations of the act by Auto Owners. The Act has two distinct sections with very different verbiage in each. The first section cited by the Plaintiffs provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> > **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
> >
> > > **(A)** The application for, rating of, or renewal of, any insurance policy;
> > >
> > > **(B)** A claim for payment or benefit pursuant to any insurance policy;
> > >
> > > **(C)** Payments made in accordance with the terms of any insurance policy; or
> > >
> > > **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). This portion of the Act cited above does not apply because this section of the Act applies to insureds or policyholders, not insurers. This portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured,

claimant or applicant to an insurer, insurance professional or a premium finance company … any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact … concerning" and insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium.

This portion of the Act only applies to persons presenting information by or on behalf of an insured or claimant. Auto Owners nor its employee, Randall Wenzel, are presenting any information by an insured or on behalf of an insured. Precedent clearly supports the conclusion that the Act would not apply to these facts as pleaded even after the Court must assume the facts to be true at this stage of pleading. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (emphasis added.) See also, Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *11 (Ct. App. July 31, 2008) ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or §56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the

appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); <u>Monumental Life Ins. Co. v. Puckett</u>, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); <u>Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC</u>, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); <u>UnitedHealthCare Servs. v. Team Health Holdings, Inc.</u>, No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

This section of the Act cannot apply to Auto Owners because it applies to an insured submitting allegedly false information for the purposes of receiving insurance benefits under a claim on a policy of insurance. Furthermore, this section of the Act cannot apply to Auto Owners because it is not a person submitting allegedly false information on behalf of an insured for the purposes of receiving insurance benefits under a claim on a policy of insurance. This portion of the Act is clearly inapplicable, and the Plaintiff's claims for Auto Owners alleged violations of the Act must fail.

The second pertinent part of the Act provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
>> **(2)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to or by an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

> **(A)** The solicitation for sale of any insurance policy or purported insurance policy;
>
> **(B)** An application for certificate of authority;
>
> **(C)** The financial condition of any insurer; or
>
> **(D)** The acquisition, formation, merger, affiliation or dissolution of any insurer;

Tenn. Code Ann. § 56-53-103(a)(2). This portion of the act is clearly inapplicable because, while it does apply to "an insurer, insurance professional[,] or a premium finance company …", it only applies to the sale of an insurance policy or the solicitation for sale of an insurance policy; an application for certificate of authority; the financial condition of any insurer; or the acquisition, formation, merger, affiliation or dissolution of any insurer. See Tenn. Code Ann. § 56-53-103(a)(2). The Plaintiff's Complaint does not contain any fact that would fall under any one of these four factual scenarios that could permit the Plaintiff to pursue an allegation of the Act under the particular verbiage of the Act. The Plaintiff's Complaint is not related to the sale of an insurance policy, which is what this section of the act typically applies to. <u>Green v. Mut. of Omaha Ins. Co.</u>, No. 10-2487, 2011 U.S. Dist. LEXIS 3538, at *29 (W.D. Tenn. Jan. 13, 2011) ("Under Tennessee law, an insurer that '[p]resents, causes to be presented, or prepares with knowledge or belief that it will be presented' in a solicitation for sale of an insurance policy 'any information that the [insurer] knows to contain false representations, or representations the falsity of which the [insurer] has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact' has committed an unlawful insurance act."). Considering the Plaintiff's Complaint does not involve any alleged misrepresentations that induced a person or persons to purchase an insurance policy, this portion of the Act is clearly

inapplicable, and the Plaintiff's claims for Auto Owner's alleged violations of the Act must fail. Considering the Plaintiff's claims against Auto Owners for alleged violations of the Act do not fall under any portion of the Act, all Plaintiff's allegations regarding alleged violations of the Act must be dismissed, with prejudice, as to Auto Owners.

## **CONCLUSION**

For all reasons stated above and in Auto Owners Motion, Plaintiff's claims as to the alleged violation of the Unlawful Insurance Act (Tenn. Code Ann. § 56-53-103) should be dismissed, with prejudice as any factual allegations, even if true, fail to come within the scope of the Unlawful Insurance Act (Tenn. Code Ann. § 56-53-103). Accordingly, Auto Owners seeks dismissal of Count V of Plaintiff's Complaint.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: /s/ Bradford D. Box
BRADFORD D. BOX (BPR No. 16596)
BLAKE M. TIMS (BPR No. 040511)
*Attorneys for Defendant*
209 East Main Street
P. O. Box 1147
Jackson, TN  38302-1147
(731) 423-2414
bbox@raineykizer.com
btims@raineykizer.com

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon the following through e-mail, regular mail, and/or by hand-delivery to such person(s).

Drayton Berkley, BPR No. 02261
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
(901) 322-8706
*Attorney for Plaintiff*

Matthew Rogers (BPR No. 038777)
Brewer, Krause, Brooks, Chastain & Meisner, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
(615) 256-8787
*Attorney for Defendant Michael Knight*

This the 15th day of June, 2023.

/s/ Bradford D. Box_____