IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ANDERSON EYE CLINIC OF WEST TENNESSEE ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> AUTO OWNERS INSURANCE COMPANY, <br> AND MICHAEL KNIGHT ) <br> ) <br> Defendants | No.: 1:23-cv-01092-STA-jay |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND AND FOR ATTORNEY FEES AND EXPENSES**

I. INTRODUCTION

This civil action arises out of an insurance coverage dispute. The parties are plainly non-diverse and thus the removal is objectively unreasonable.

II. RELEVANT FACTS

Knight implicitly admits that he is non-diverse by claiming fraudulent joinder. DE 1, paragraph 8-9.

III. ANALYSIS

1. Relevant Statutory Provisions

Tenn. Code Ann. § 56-53-103 provides in relevant part that:

> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

    a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to …… …… an insurance professional ……..in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:

    …..

    i. ……..

    ii. A claim for payment or benefit pursuant to any insurance policy;

    iii. Payments made in accordance with the terms of any insurance policy; or

    ………

2. It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.

Tenn. Code Ann. § 56-53-101 provides in relevant part that:

4. "Insurance professional" means ………..adjusters……………………

5. "Insurance transaction" means a transaction by, between or among:

    a. An insurer or a person who acts on behalf of an insurer; and

      b. An insured, claimant, applicant for insurance, public adjuster, insurance professional, practitioner, or any person who acts on behalf of an insured, claimant, applicant for insurance, public adjuster, insurance professional, or practitioner; for the purpose ………. negotiating or adjusting a claim……

8. "Person" means a natural person, company, corporation, unincorporated association, partnership, professional corporation, agency of government and any other entity;

2. <u>Tennessee Statutory Construction Principles</u>

Clear and unambiguous statutes will be enforced according to their clear terms. *Lind v. Beaman Lodge, Inc*., 356 S.W.3d 889, 895 (Tenn. 2011). Every word of the statute will be given effect. *Id.* New statutory provisions that do not repeal or over-rule pre-existing law by express terms or implication are cumulative. *Johnson v. Hopkins*, 432 S.W.3d 840, 848 (Tenn. 2013). The Courts presume the Legislature knew the law when it enacted statutory provisions. *Sneed v. City of Red Bank, Tennessee*, 459 S.W.3d 17, 23 (Tenn. 2014). Statutes involving the same subject matter are construed *in pari materia*. *Graham v. Caples*, 325 S.W.3d 578, 582 (Tenn. 2010). Specific statues control over general statutes. *Id*. At 582. Judicial construction of statutes become part of the statute. *Blank v. Olsen*, 662 S.W. 2d 324, 326 (Tenn. 1983) and *Hill v. City of Germantown*, 31 S.W.3d 234, 239-240 (Tenn. 2000).

Remedial statutes provide a means or method where wrongs can be addressed and relief obtained. *In the Matter of MAH*, 142 S.W.3d 267, 273 (Tenn. 2004). Remedial legislation is construed liberally. *Ferguson v. Middle Tennessee State University*, 451 S.W.3d 375, 381 (Tenn. 2014).

In *Craighead v. Bluecross Blueshield of Tennessee*[1], 2008 WL 3069320 (M2007-01697-COA-R3-CV), Slip Op.at 3 (Tenn. Ct. App. July 1, 2008), the Tennessee Court of Appeals held that the unlawful insurance act applies to anyone who commits and unlawful insurance act. Its reach was not limited to insured's only. *Id.* In *Green, et al v. Mutual of Omaha*, 2:10-cv-2487, Slip Op at 25 (W.D. Tenn. January 13, 2011), this Court found that the Unlawful insurance act applied to insurers.

3. Sixth Circuit Fraudulent Joinder Standard

In order to establish fraudulent joinder in particular, the removing defendants must show that there is no colorable cause of action against that party. *Chambers v. HSBC Bank, N.A.*, 796 F.3d 561, 564-566 (6th Cir. 2015). The question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. *Id.* The removing party bears the burden of proof on removal and all doubts are resolved in favor of remand. *Eastman v. Marine Mech Corp.*, 438 F.3d 544, 549-550 (6th Cir. 2006).

4. Application to case at bar.

This Court is bound by *West* and should be persuaded by its own precedent that defendant cannot met its burden to prove that Plaintiffs cannot colorably establish liability against Knight under the unlawful insurance act. Moreover, *Craighead* has become part of the statute consistent with *Blank* and *Hill*. Finally, § 56-53-103 is remedial legislation and liberally construed.

5. Price forfeited his defective service of process claim

In *King v. Taylor*, 694 F.3d 650, 658-661 (6th Cir. 2012), the Sixth Circuit held that a party forfeits the defenses of defective service of process and lack of personal jurisdiction by litigation

---

[1] The Court is not free to ignore this opinion. *West v. American Telephone & Telegraph*, 311 US 223, 237 (1940).

4

conduct indicating an intent to defend on the merits . In *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019), the Sixth Circuit held that it is easier to waiver service deficiencies than personal jurisdiction issues. In *King v. Lacefield*, 2:21-cv-02613-JTF-atc, pp. 7-8, (W.D. Tenn. August 29, 2022), the Court followed this authority and found that actively participating in the litigation process and filing a motion to compel indicated an intent to contest a case on the merits and forfeited an defective service of process claims.

Applying the foregoing authority, Knight has requested an adjudication in its favor on the merits via a motion to dismiss for failure to state a claim "with prejudice", DE 7. Thus, *King, Boulger*, and *King v. Lacefield* indicate that Knight has forfeited its service of process claim.

6. <u>Knight's removal was objectively unreasonable</u>

In *Powers v. Cottrell, Inc.*, 758 F.3d 509, 520 (6th Cir. 2013), the Court held that when caselaw was clear that removal was not warranted, then the removing Defendant was subject to a payment of fees and expenses. Applying *Powers,* the caselaw was sufficiently clear that Knight was not fraudulently joined and should warrant the payment of fees and expenses as objectively unreasonable.

IV.     CONCLUSION

The Court should grant the Plaintiffs' Motion to Remand this civil action to state court and award the payment of fees and expenses.

Respectfully submitted,

 /s/**Drayton D. Berkley**
Drayton D. Berkley, Esq.
Berkley Law Firm, PLLC
**attorneyberkley@gmail.com**
*Attorney for Plaintiff*
P.O. Box 771048
Memphis, TN 38177

5

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon the following counsel of record or parties pro se in this cause **ONLY BY ELECTRONIC TRANSMISSION** to the following:

E. JASON FERRELL
JAMIE ELIZABETH GLASS
BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC
545 Mainstream Drive, Suite 101
Nashville, TN 37228
Attorneys for Shelter Mutual Insurance Company

This, the 3rd of July 2023

                                                          **/s/Drayton D. Berkley**
                                                          **Drayton D. Berkley**