IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | |
|---|---|
| ANDERSON EYE CARE OF WEST TENNESSEE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 1:23-cv-1092 ) JURY DEMANDED |
| AUTO-OWNERS INSURANCE COMPANY, and MICHAEL KNIGHT, | ) ) ) |
| Defendants. | ) ) ) |

## MICHAEL KNIGHT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Comes now Defendant, Michael Knight ("Knight"), by and through undersigned counsel, and for its Reply to Plaintiff's Response in Opposition to Knight's Motion to Dismiss, would state as follows.

**A.    Chapter 53 of Title 56 of Tennessee Code Annotated Applies Only to Persons or Entities Committing Insurance Fraud Against An Insurer.**

Plaintiff sued Auto-Owners Insurance Company ("Auto-Owners") and Knight for alleged violations of the Unlawful Insurance Act (the act"). See Doc. 1-1 at PageID 17-19; see also Tenn. Code Ann. § 56-53-103(a)(1). However, "[i]n 2001, the General Assembly enacted Chapter 53 of Title 56 of Tennessee Code Annotated entitled 'Insurance Fraud' to combat, as the title suggests, insurance fraud." Craighead v. Bluecross Blueshield of Tenn., Inc., No. M2007-01697-COA-R10-CV, 2008 Tenn. App. LEXIS 454, at *8 (Ct. App. July 31, 2008). The statute Plaintiff alleged that Knight and Auto-Owners violated does not apply to Knight or Auto-Owners because they cannot violate a statute that is directed at eliminating or reducing insurance fraud against

insurance companies. If Craighead is not sufficient to establish the purpose or applicability of Chapter 53 within Title 56 of the Tennessee Code, the scope, purpose and the persons or entities to which Chapter 53 applies can be gleaned from T.C.A. § 56-53-109:

*****

> **(b)** Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or § 56-53-103 will be, is being, or has been committed shall furnish and disclose any information in the insurance professional's possession concerning the act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority, subject to any legal privilege protecting the information. In no case shall the information be required by subpoena or otherwise to be given to the person alleged to have committed a violation, unless in possession of an insurer and that insurer used the information to deny a claim of the person, in whole or in part.

*****

> **(d)** Any person who has a reasonable belief that an act violating this chapter will be, is being, or has been committed, or any person who collects, reviews or analyzes information concerning insurance fraud may furnish and disclose any information in the person's possession concerning the act to an authorized representative of an insurer who requests the information for the purpose of detecting, prosecuting or preventing insurance fraud.

Tenn. Code Ann. § 56-53-109(b) & (d). Section 109 of Chapter 53 imposes requirements on insurers who reasonably believe that acts violating T.C.A. § 56-53-102 or T.C.A. § 56-53-103 are being committed, to cooperate and furnish the evidence of the criminal, fraudulent or unlawful acts to governmental agencies or law enforcement officials. See Id. Therefore, not only does the plain language of T.C.A. § 56-53-103(a)(1) reveal that the statute does not apply to Knight, the entire Chapter 53 of Title 56 of the Tennessee Code is directed at combating insurance fraud and does not apply to insurers or their

agents like Knight because as an insurer and an agent of an insurer, they cannot commit fraud against themselves. For these reasons, Knight's Motion to Dismiss should be granted.

> **B.     Plaintiff's arguments do not support a holding that T.C.A. § 56-53-103(a)(1) applies to Knight based on the factual allegations as pled by Plaintiff.**

Plaintiff's Complaint is devoid of any facts that, if true, would amount to a violation of the act because the act does not apply to insurers and insurers' agents. Plaintiff failed to allege facts that fit squarely into one of the prescribed scenarios listed and contemplated in the act. Merely pleading that Knight violated the act is not enough; this is merely a legal conclusion that need not be accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (the Court need not accept as true the pleader's legal conclusions, including those couched as factual allegations). Knight has demonstrated to this Court that the facts as pleaded by Plaintiff does not amount to a violation of the act because the act relied upon by Plaintiff provides as follows:

> **(a)**     Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> > **(1)**     Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
> >
> > > **(A)**     The application for, rating of, or renewal of, any insurance policy;

  **(B)** A claim for payment or benefit pursuant to any insurance policy;

  **(C)** Payments made in accordance with the terms of any insurance policy; or

  **(D)** The application for the financing of any insurance premium;

Tenn. Code Ann. § 56-53-103(a)(1). It is clear from reading the full text of the statute[1] that this section of the statute does not apply to insurers and/or third parties hired by insurers; rather, it can only apply to insureds and persons presenting information on behalf of the insureds to an insurer. Id.  Therefore, based on the plain and unambiguous language of Tenn. Code Ann. § 56-53-103(a)(1), Knight's Motion to Dismiss should be granted.

**C.** **Plaintiff Materially Alters The Statutory Text to Support Its Response in Opposition.**

  Plaintiff's Response in Opposition includes an alteration of the statutory text which amounts to a misrepresentation of Tenn. Code Ann. § 56-53-103(a)(1) to this Honorable Court and the Defendants in this case. Plaintiff's response included the following text verbatim:

---

[1] A true and accurate copy of Tenn. Code Ann. § 56-53-103 was attached to Knight's Motion to Dismiss as Exhibit A and identified in the record as Doc. 7-2 at PageID at 268-69.

1. <u>Relevant Statutory Provisions</u>

Tenn. Code Ann. § 56-53-103 provides in relevant part that:

> Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> a. Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to …… …… an insurance professional ……..in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
> …..

(Doc. 13-1 at PageID 298). The actual text of Tenn. Code Ann. § 56-53-103(a)(1), provides as follows:

> **(a)** Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:
>
> **(1)** Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company in connection with an insurance transaction or premium finance transaction, any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
> **(A)** The application for, rating of, or renewal of, any insurance policy;
>
> **(B)** A claim for payment or benefit pursuant to any insurance policy;
>
> **(C)** Payments made in accordance with the terms of any insurance policy; or

>> **(D)** The application for the financing of any insurance premium;

T.C.A. § 56-53-103(a)(1). As this Honorable Court can see, Plaintiff has materially altered the text of the statute and represented to this Court that the opposition argued by Plaintiff is well-founded, not being presented for any improper purpose and the claim has legal contentions with evidentiary support. See Fed. R. Civ. P. 11(b). Omitting the words "by or on behalf of an insured claimant[,] or applicant" completely changes the meaning of Tenn. Code Ann. § 56-53-103(a)(1) in an effort to advance Plaintiff's frivolous pursuits. Plaintiff's omission materially changes the meaning and subsequent implications of the statute and then Plaintiff represents to this Honorable Court that relief is available based on the wording of a statute that simply does not exist, and that Knight's motion should be denied based on words in a statute that does not exist. (See Doc. 13-1). However, once Plaintiff modifies the text of the statute, Plaintiff finds the support needed to make the argument and Knight's Motion to Dismiss should be granted.

**D.   Tenn. Code Ann. § 56-53-103(a)(1) Does Not Create a Cause of Action Against the Insurer or Agent of an Insurer.**

Tenn. Code Ann. § 56-53-103(a)(1) prohibits a party from presenting information containing false representations related to a claim for payment "**on behalf of an insured**…**to an insurer**." (Emphasis added). In other words, the statute on its face does not apply to conduct by an agent of an insurer. This section of the act, as pled by Plaintiff, clearly does not apply to any defendant in this litigation, and Tennessee case law supports this premise. See Cantrell v. Yates Servs., LLC, 205 F. Supp. 3d 928, 933 (M.D. Tenn. 2016) ("Tenn. Code Ann. § 56-53-103(a)[] … makes it unlawful for an insured person to 'present[]. . . to an insurer . . . any information that the person knows to contain false

representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning . . . [a] claim for payment or benefit pursuant to any insurance policy.'") (emphasis added); see also Allstate Life Ins. Co. v. Tyler-Howard, No. 3:19-cv-00276, 2019 U.S. Dist. LEXIS 174591, at *7 (M.D. Tenn. Oct. 8, 2019); Craighead, 2008 Tenn. App. LEXIS 454, at *11 ("Any insurer or insurance professional who has reasonable belief that an act violating § 56-53-102 or § 56-53-103 will be, is being, or has been committed shall furnish and disclose any information in such insurance professional's possession concerning such act to the appropriate law enforcement official or authority, insurance department, state division of insurance fraud, or state or federal regulatory or licensing authority ….") (emphasis added); Monumental Life Ins. Co. v. Puckett, No. W2005-00083-COA-R3-CV, 2006 Tenn. App. LEXIS 12, at *12 (Ct. App. Jan. 9, 2006); Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC, Civil Action No. 2:16-cv-2817, 2021 U.S. Dist. LEXIS 258210, at *12 (W.D. Tenn. Sep. 21, 2021); UnitedHealthCare Servs. v. Team Health Holdings, Inc., No. 3:21-CV-00364-DCLC-JEM, 2022 U.S. Dist. LEXIS 84264, at *22 (E.D. Tenn. May 10, 2022).

Every single case in Tennessee state courts and all cases in U.S. District Courts in Tennessee have interpreted the statute the same, that it applies to insureds and insured's agents or authorized representatives, not insurers or their agents. Therefore, because the statute on its face does not apply to Knight, or Auto-Owners, and all case law from any court in Tennessee provides the exact opposite of Plaintiff's argument, Knight's Motion to Dismiss should be granted.

E.   **The Cases Cited in Plaintiff's Response in Opposition Do Not Provide Support for Plaintiff's Position.**

Plaintiff's reliance on Craighead, 2008 Tenn. App. LEXIS 454, is misplaced because, as Knight provided in its notice of removal (Doc. 1) and Knight's Motion to Dismiss (Doc. 7, 7-1), Craighead does not support for the proposition that the act can apply to anyone involved in the insurance claim process, which is essentially what Plaintiff argues. (See Doc. 13-1). There is no holding in Craighead regarding the application of the act and Plaintiff misstates the dicta used in this case. The only section of the act discussed in Craighead was directed at where "[c]ivil liability was created for anyone who commits an 'unlawful insurance act' as defined by Tenn. Code Ann. § 56-53-103." Id. at *9.

Noticeably, the introductory paragraph in the statute § 56-53-103(a) states "any person who knowingly or intentionally acts to defraud by presenting, causing to be presented, or preparing with knowledge or belief that it will be presented by or on behalf of an insured, claimant, or applicant to an insurer, insurance professional or premium finance company in connection with an insurance transaction or premium finance transaction." Thus, Plaintiff is correct in that any person who presents fraudulent information with the intent of depriving another an insurer of its property or a pecuniary gain, but the important language of the statute is that it is presented to an insurer, insurance professional, or premium finance company by or on behalf of an insured. Therefore, Plaintiff's support in Craighead is unfounded.

Plaintiff's reliance on Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 U.S. Dist. LEXIS 3538 (W.D. Tenn. Jan. 13, 2011) is equally misplaced as its reliance on Craighead. Plaintiff states in its Response that "this Court [has] found that the Unlawful insurance act applied to insurers." (See Doc. 13-1 at PageID 300). Respectfully, that is a

misstatement of the opinion written by the Honorable Judge Mays, and that is not the holding of Green. Again, Plaintiff deletes key points of context to truly ascertain the Court's holding. There, in Green, Judge Mays discusses the act, but specifically references Tenn. Code Ann. § 56-53-103(a)(2)(A)[2]. Also, it is important to direct the Court to the fact that Plaintiff did not allege any violation of Tenn. Code Ann. § 56-53-103(a)(2); instead, Plaintiff only pled that Knight violated Tenn. Code Ann. § 56-53-103(a)(1).

The verbiage of the two statutes are materially different. Nevertheless, in Judge Mays' opinion, Tenn. Code Ann. § 56-53-103(a)(2) is analyzed but this statute is solely related to the solicitation for sale of an insurance policy. See Green, 2011 U.S. Dist. LEXIS 3538, at *29-30 ("Under Tennessee law, an insurer that '[p]resents, causes to be presented, or prepares with knowledge or belief that it will be presented' in a solicitation for sale of an insurance policy 'any information that the [insurer] knows to contain false representations, or representations the falsity of which the [insurer] has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact' has committed an unlawful insurance act."). This statute only applies to four specific scenarios that are not applicable, or pled, in this case. See Tenn. Code Ann. § 56-53-103(a)(2); see also Doc. 1-1 at PageID 15-19). Since the Complaint is devoid of any facts that would fit into any of the specific scenarios in either section of T.C.A. § 56-53-103(a), Plaintiff has no colorable cause of action against Knight under Tenn. Code Ann. § 56-53-103(a) and Knight's Motion to Dismiss should be granted.

## CONCLUSION

---

[2] Tenn. Code Ann. § 56-53-103(a)(1) is not discussed in Judge Mays' opinion in Green v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 U.S. Dist. LEXIS 3538, at *29-30 (W.D. Tenn. Jan. 13, 2011).

For reasons stated herein, Knight's Motion to Dismiss should be granted and Plaintiff's cause of action against Knight should be dismissed, with prejudice because Plaintiff cannot now, and will not ever, establish a colorable cause of action against Knight whether any pleading is amended under T.C.A. § 56-53-103(a)(1).

Respectfully submitted,

s/Matthew B. Rogers_____
**MATTHEW B. ROGERS**
Registration No: 038777
Main: (615) 256-8787 ext. 121
Direct: (615) 630-7725
mrogers@bkblaw.com
Attorney for Defendant, Michael Knight

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN 37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of July, 2023, a true and correct copy of the foregoing MICHAEL KNIGHT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. Mail. Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esq.
The Berkley Law Firm, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119

Bradford D. Box, Esq.
Blake M. Tims, Esq.
Rainey, Kizer, Reviere & Bell, P.L.C.
209 East Main Street
P. O. Box 1147
Jackson, TN 38302-1147

s/Matthew B. Rogers_____
**MATTHEW B. ROGERS**

MBR: