IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ANDERSON EYE CARE OF WEST TENNESSEE,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AUTO-OWNERS INSURANCE COMPANY and MICHAEL KNIGHT,  )<br>)<br>Defendants.  ) | No. 1:23-cv-01092-STA-jay |

ORDER ON ORDER TO SHOW CAUSE

Plaintiff Anderson Eye Care of West Tennessee filed this lawsuit in the Chancery Court for Weakley County, Tennessee, against Auto-Owners Insurance Company and Michael Knight for various causes of action, including claims for violations of the Unlawful Insurance Act, Tenn. Code Ann. § 56-53-103. Defendant Knight removed the action to this Court with jurisdiction predicated on diversity of citizenship, 28 U.S.C. § 1332.

Subsequently, Defendant Knight filed a motion to dismiss the sole claim against him which was brought under § 56-53-103, and Defendant Auto-Owners filed a motion to dismiss the portion of the complaint against it alleging a violation of § 56-53-103. Plaintiff responded to Defendant Knight's motion and filed a motion to remand. In their motions, Defendants contended that Knight was fraudulently joined as a defendant because his actions do not fall within the scope of § 56-53-103, while Plaintiff contended that Knight does fall within the scope of the statute and, thus, is not fraudulently joined.

In both its response and its motion to remand, Plaintiff purportedly quoted the relevant statute as follows:

> Tenn. Code Ann. § 56-53-103 provides in relevant part that:
>
> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act
>
> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, to …… …… an insurance professional …….. in connection with an insurance transaction ……. any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, or that withholds or conceals a material fact, concerning any of the following:
>
> …..
>
> (A)………..
>
> (B) A claim for payment or benefit pursuant to any insurance policy;
>
> (C) Payments made in accordance with the terms of any insurance policy;
>
> or
>
> (D) ……….
>
> (2) ……….
>
> (3) ……….
>
> (4) It shall be unlawful for any person to commit, or to attempt to commit, or aid, assist, abet or solicit another to commit, or to conspire to commit an unlawful insurance act.

(Mot. to Rem. pp. 1-2, ECF No. 12-1; Resp. to Mot. to Dis. p. 2, ECF No. 13.)

In his response to Plaintiff's motion to remand, Defendant Knight asserted that Plaintiff had misquoted § 56-53-103(a)(1) through the use of ellipses, and he set out the full language of the statute.

> (a) Any person who commits, participates in, or aids, abets, or conspires to commit, or solicits another person to commit, or permits its employees or its agents to commit any of the following acts with an intent to induce reliance, has committed an unlawful insurance act:

2

> (1) Presents, causes to be presented, or prepares with knowledge or belief that it will be presented, **by or on behalf of an insured, claimant or applicant to an insurer**, insurance professional **or a premium finance company** in connection with an insurance transaction **or premium finance transaction,** any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to any material fact, or that withholds or conceals a material fact, concerning any of the following:
>
> (A) The application for, rating of, or renewal of, any insurance policy;
>
> (B) A claim for payment or benefit pursuant to any insurance policy;
>
> (C) Payments made in accordance with the terms of any insurance policy; or
>
> (D) The application for the financing of any insurance premium…

T.C.A. § 56-53-103(a)(1) (emphasis added to highlight the language in the statute that Plaintiff replaced with ellipses). Despite the fact that Defendant pointed out the alteration in its response to Plaintiff's motion to remand and in its reply to Plaintiff's response to Defendant's motion to dismiss and characterized it as a "misrepresentation," Plaintiff failed to attempt to correct the omissions or explain why the alterations were made.

Because it appeared that Plaintiff's counsel may have deliberately altered the language of the statute by omitting key words in support of Plaintiff's position and then made no effort to notify the Court of the correct language or to explain the alteration even after Defendant brought it to Plaintiff's attention, Plaintiff and Plaintiff's counsel Drayton Berkley were ordered to show cause why they should not be sanctioned for altering the language of Tenn. Code Ann. § 56-53-103 and presenting it to the Court as a correct version of the statute in an attempt to mispresent its meaning. (Ord., ECF No. 17.) Attorney Berkley filed a written response to the order to show cause. (Resp., ECF No. 19.)

A hearing on this matter was held on September 22, 2023. (Min. Ent., ECF No. 21.) Attorney Berkley appeared and was given an opportunity to explain his position and to answer questions by the Court. Defendant's attorney, Mathew Rogers, asked to speak at the hearing and

requested that any ruling that the Court made as to the interpretation of the language of Tenn. Code Ann. § 56-53-103 be applicable to other cases before the Court. Attorney Berkley did not oppose the request of Attorney Rogers.[1]

The Tennessee Rules of Professional Conduct make clear that an attorney has a duty to accurately represent the law to the Court. Rule 3.3(a)(1), entitled "Candor Toward the Tribunal," provides that a lawyer should not "knowingly make a false statement of fact or law to a tribunal." The comments further provide that "[l]egal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal." Moreover, Rule 11 of the Federal Rules of Civil Procedure prohibits an attorney from failing to disclose directly relevant information to the Court or from making arguments or "legal contentions" not "warranted by existing law." Fed. R. Civ. P. 11(b).

In this case, Attorney Berkley, on behalf of Plaintiff, clearly made a misrepresentation to the Court as to the language of the statute and that misrepresentation was material to the issue before the Court, *i.e.,* whether Knight was fraudulently joined as a defendant. Attorney Berkley made no effort to correct his alteration of the statute, even when Defendant brought it to his attention and labeled it as a "misrepresentation."[2]

---

[1] On September 19, 2023, District Judge J. Daniel Breen, when presented with this same issue, determined that Attorney Berkley had also misquoted the language of § 56-53-103(a)(1) in *Olympic Steakhouse v. Western World Insurance Group*, 1:23-cv-02191-JDB-jay (W.D. Tenn.). He granted the insurance company's motion to dismiss the § 56-53-103(a)(1) claim brought against it and ordered Attorney Berkley to show cause why he and the plaintiff should not be sanctioned for misleading the Court. (Ord. ECF No. 29.)

[2] At the hearing, Attorney Berkley pointed out that the Local Rules do not provide for a response to a reply. Although Attorney Berkley is correct that a party does not have an automatic right to file a sur-reply, he could have asked for permission to do so to clarify his position as to the language of the statute.

4

Attorney Berkley attempted to support his action by arguing that the United States has approved the use of ellipses to replace omitted words. Although the use of ellipses may be appropriate in certain contexts, *see*, *e.g.*, *United States v. Howell*, 78 U.S. 432, 436 (1870) ("But here also the mind supplies the ellipsis which good usage allows…."), the caveat to *Howell*'s approval of the use of ellipses is countenanced on "good usage." In the present case, Plaintiff used ellipses to change the meaning of the statute which amounts to a misrepresentation to the Court. *See Ladd v. Nashville Booting*, LLC, 2021 WL 3363448, at *11 (M.D. Tenn. Aug. 3, 2021) (pointing out that the court was "far from convinced that what *Scott* [*v. Houston*, 2010 WL 680984, at *7 (Tenn. Ct. App. Feb. 26, 2010)] meant is what Defendant, via its use of ellipses, has suggested it meant"); *AMBIMJB, LLC v. Strategic Armory Corps*, LLC, 2021 WL 949376, at *4 n. 3 (D. Md. Mar. 12, 2021) ("Counsel is advised to ensure their use of ellipsis does not risk altering the meaning of a quoted passage."); *see also Certain Underwriters at Lloyd's of London v. Black Gold Marine, Inc.*, 2022 WL 5241819, at *3–4 (S.D. Fla. Oct. 6, 2022) (noting that a party's "purposeful and strategic use of an ellipsis, which omits critical language" of a case "stretches the holding of the case" and "is not what the case says" and "[t]he Undersigned does not appreciate that type of tactic, which is clearly improper."); *Relevant Grp., LLC v. Nourmand*, 2022 WL 2916860, at *11 n. 8 (C.D. Cal. July 25, 2022) (reiterating a previous caution regarding a defendant's "use of incomplete quotations to make points of dubious merit"); *Worley v. Colvin*, 2014 WL 556444, at *4 (N.D. Ill. Feb. 13, 2014) ("More troubling, however, is that the Claimant's argument is based upon an improper use of an ellipsis to eliminate a key aspect of the definition.")

The Court finds that Attorney Berkley has not shown cause for his actions in omitting certain words of the statute to support his client's position. Attorney Berkley's actions are extremely concerning to the Court. Although sanctions such as the award of attorney fees and costs

5

and/or dismissal of the entire action might be warranted, the Court will, instead, strongly caution Attorney Berkley that any further misrepresentations or misstatements of either fact or law to the Court will result in sanctions, including dismissal of the action, and a referral to the Tennessee Board of Professional Responsibility.

    **IT IS SO ORDERED**.

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
United States District Judge

Date:  October 10, 2023.