IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| ANDERSON EYE CARE OF WEST TENNESSEE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:23-cv-01092-STA-jay |
| AUTO-OWNERS INSURANCE COMPANY and MICHAEL KNIGHT, | ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANT KNIGHT'S MOTION TO DISMISS AND GRANTING
DEFENDANT AUTO-OWNERS' PARTIAL MOTION TO DISMISS
AND DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff Anderson Eye Care of West Tennessee filed a civil action in the Chancery Court for Weakley County, Tennessee, against Auto-Owners Insurance Company and Michael Knight for various causes of action, including: (1) compel appraisal and appoint umpire; (2) umpire qualifications; (3) breach of contract; (4) punitive damages; and (5) violations of the Fraudulent Insurance Act ("the Act"), also known as the Unlawful Insurance Act, Tenn. Code Ann. § 56-53-103.  Defendant Knight removed the action to this Court pursuant to 28 U.S.C. § 1332, diversity of citizenship.

Defendant Michael Knight has filed a motion to dismiss the claim against him (ECF No. 7), and Defendant Auto-Owners has filed a motion to dismiss Count V of the complaint.  (ECF No. 10.) Plaintiff has responded to Defendant Knight's motion (ECF No. 13)[1] and has filed a

---

[1] Because Plaintiff failed to respond to Defendant Knight's motion to dismiss within the requisite time, the Court ordered Plaintiff to show cause why the motion to dismiss should not be granted and to provide an explanation as to why no timely response was filed.  (ECF No. 11.)

motion to remand this matter to state court. (ECF No. 12.) Defendant Knight has responded in opposition to the motion to remand (ECF No. 15) and has filed a reply to Plaintiff's response to his motion to dismiss. (ECF No. 16.) For the reasons set forth below, Defendants' motions to dismiss are **GRANTED**. Accordingly, Defendant Knight is dismissed from this action, and Count V of the complaint against Defendant Auto-Owners is dismissed as well. Plaintiff's motion to remand is **DENIED**.

## Standard of Review

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). Under *Twombly* and *Iqbal*, Rule 8(a)'s liberal "notice pleading" standard requires a complaint to contain more than a recitation of bare legal conclusions or the elements of a cause of action. Instead, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

Plaintiff has filed responses to the motion to dismiss (ECF No. 13) and to the order to show cause (ECF No. 14.) The Court accepts Plaintiff's explanation and hereby **DISMISSES** the order to show and will decide the motion to dismiss on the merits.

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Defendant Knight's Motion to Dismiss

Plaintiff has not disputed Defendant Knight's recitation of the background of this matter in his motion.[2] Knight is an independent adjuster/building consultant who provides damage estimates to insurance companies and adjusters. Knight was an independent contractor for United Claims Services, Inc., the independent adjusting company retained by Auto-Owners to prepare an estimate in connection with the damaged property owned by Plaintiff located at 113 East Locust Street, Dresden, Tennessee 38225 (the "Property"). When retained by an insurance company or adjuster, United Claims Services assigns independent contractors to work the loss. In connection with the loss at the Property, United Claims Services assigned Knight.

After being retained by Auto-Owners via United Claims Services, Knight conducted a site visit at the Property. Knight prepared two estimates for United Claims Services regarding the estimated cost of damage to Plaintiff's Property. Plaintiff generally alleges that the estimates submitted by Knight to Auto-Owners contain false information although it does not identify what aspects of Knight's reports are incorrect, false, or otherwise fraudulent other than stating that Knight took a different position than the position of the Plaintiff. Plaintiff has pled one cause of action against Knight under "Tennessee's insurance fraud statute," which Plaintiff identifies as Tenn. Code Ann. § 56-53-101(a)(1).

Defendant Knight posits that Plaintiff cannot state a claim against him under Tenn. Code Ann. § 56-53-101(a)(1) as a matter of law, and, even if Plaintiff could pursue a claim against him under § 56-53-101(a)(1), Plaintiff has failed to plead its claim with the required particularity.

---

[2] The facts are stated for the purpose of deciding this motion only.

Because the Court agrees with Knight as to his first ground as discussed below, there is no need to address the second ground.

Motion to Remand

Plaintiff contends that this action must be remanded to state court because the presence of Defendant Knight in the action defeats diversity of citizenship as required by 28 U.S.C. § 1332. There appears to be no dispute that Defendant Knight is a non-diverse party. However, Defendant Knight contends that he was fraudulently joined in an attempt to defeat diversity because Plaintiff has no claim against him under § 56-53-101(a)(1).

Auto-Owners' Partial Motion to Dismiss

Count V of the complaint alleges a violation of § 56-53-101(a)(1) against Defendant Auto-Owners. Plaintiff specifically alleges that

> Defendants staff adjuster, Randall Wenzel, made false statements and material misrepresentations of facts and policy coverage terms to the insured and Plaintiffs insurance professional / practitioner, in his August 24, 2022 letter … Wenzel knew at all times that there was no requirement the insured or insurance professional/practitioner provide a Proof of Loss, eight months past the date of loss, before agreeing to appraisal; nor was such a prerequisite to Defendants mandatory participation in the appraisal process after Plaintiff's proper demand on August 8, 2022. Wenzel's actions constitute violations of the Fraudulent Insurance Act found at §56-53-103(a)(1) and has wrongfully delayed or denied the payment of insurance benefits to Plaintiff.

(Cmplt. ¶ 20, ECF No. 1-1.)

Defendant Auto-Owners argues, as does Defendant Knight, that § 56-53-101(a)(1) applies to insureds or policyholders, not insurers. That is, this portion of the Act makes it unlawful for any person who "presents, causes to be presented, or prepares with knowledge or belief that it will be presented, by or on behalf of an insured, claimant or applicant to an insurer, insurance professional or a premium finance company … any information that the person knows to contain false representations, or representations the falsity of which the person has recklessly disregarded, as to

4

any material fact, or that withholds or conceals a material fact … concerning" an insurance application, claim for benefits, payments made under a policy of insurance, or financing an insurance premium. *Id.*

Defendant Knight's motion to dismiss, Plaintiff's motion to remand, and Defendant Auto-Owners' partial motion to dismiss all revolve around the same legal question: whether Plaintiff can state a claim against an insurance agent under Tenn. Code Ann. § 56-53-103(a)(1). Defendants contend that § 56-53-103(a)(1) does not create a cause of action by an insured against an insurer, much less the alleged agent of the insurer, but, instead, it creates a cause of action against an insured or someone acting on behalf of an insured. Plaintiff disagreed in its written filings and quoted the language of the statute, however with several ellipses. However, at a hearing on September 22, 2023, Plaintiff's counsel conceded that § 56-53-103(a)(1) does not create a cause of action against insurers or their agents; instead, it expressly applies to insureds and insured's agents or their authorized representatives.[3]  (Min. Ent., ECF No. 21.)

Based on Plaintiff's counsel's concession, the arguments of counsel, and the relevant caselaw, the Court **GRANTS** Defendant Knight's motion to dismiss. The Clerk of the Court is **DIRECTED** to terminate Defendant Michael Knight as a party.  The Court also **GRANTS** Defendant Auto-Owners' partial motion to dismiss, and Count V of the complaint against Defendant Auto-Owners is dismissed as well.

---

[3] On September 19, 2023, District Judge J. Daniel Breen, when presented with this same issue, granted the insurance company's motion to dismiss the § 56-53-103(a)(1) claim brought against it in *Olympic Steakhouse v. Western World Insurance Group*, 1:23-cv-02191-JDB-jay (W.D. Tenn.). (Ord. ECF No. 29.)

Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
United States District Judge

Date:  October 10, 2023.
